IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
LEWIS T. BABCOCK, JUDGE

Civil Case No. 07-cv-01702-LTB-BNB

ISAIAH KELLEY, JR.,

    Plaintiff,

v.

NEW YORK LIFE INSURANCE AND ANNUITY CORPORATION, a Delaware corporation,
NEW YORK LIFE INSURANCE COMPANY, a New York corporation, and
PATRICIA DOSS, an individual,

    Defendants.

___

ORDER
___

    This matter is before me on a Partial Motion to Dismiss Amended Complaint [**Doc #25**] filed by Defendants New York Life Insurance and Annuity Corporation, a Delaware Corporation, New York Life Insurance Company, a New York Corporation, (collectively "NYL"), and Patricia Doss. Defendants seek dismissal of some of the claims raised by Plaintiff, Isaiah Kelley Jr., for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). Additionally, I address Plaintiff's related Second Motion for Leave to Amend Complaint and Jury Demand. [**Doc #41**] Oral arguments will not materially aid in the resolution of these motions. After due consideration, and for the reasons stated below, I GRANT IN PART and DENY IN PART AS MOOT Defendants' motion to dismiss because I GRANT Plaintiff's second motion for leave to amend.

## I. Underlying Facts

    Plaintiff served as an agent for NYL to solicit and take applications for various insurance policies pursuant to a contract dated December 18, 1997. Defendant Doss was employed by

NYL. On May 18, 2004, Plaintiff was notified that his authority to solicit business on behalf of NYL was terminated, and that his contract would be terminated 30 days later. Subsequently, on May 18, 2007, Plaintiff filed this action. In his complaint he seeks damages based on the following claims for relief: breach of contract, race discrimination pursuant to 42 U.S.C. § 1981, slander *per se* and slander *per quod*, civil theft, breach of fiduciary duty and conspiracy.

## II. Standard of Review

As an initial matter, I address the parties' disagreement related to the applicable standard of review for a motion brought pursuant to Fed. R. Civ. P. 12(b)(6). The Supreme Court has ruled that the standard for review previously applied under Fed. R. Civ. P. 12(b)(6) – "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief"– is "best forgotten as an incomplete, negative gloss on an accepted pleading standard." *Bell Atlantic Corp. v. Twombly*, ___ U.S.___ , 127 S.Ct. 1955, 1968-69, 167 L.Ed.2d 929 (2007).

The Tenth Circuit has recently reviewed the ruling in *Bell Atlantic Corp. v. Twombly,* in *Robbins v. Oklahoma,* ___ F.3d ___, 2008 WL 747132, 4 (10th Cir. Mar. 21, 2008). In so doing, the *Robbins* Court first noted that the Supreme Court in *Twombly* rejected the prior "no set of facts" standard, and instead announced a revised standard: "to withstand a motion to dismiss, a complaint must contain enough allegations of fact 'to state a claim to relief that is plausible on its face.'" *Robbins v. Oklahoma, supra* (*quoting Bell Atlantic Corp. v. Twombly, supra*, 127 S.Ct. at 1974). In other words, "the mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual

2

support for these claims." *Id.* (*quoting Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007)).

Although the Tenth Circuit acknowledged that "the new formulation is less than pellucid," it determined that "the opinion seeks to find a middle ground between 'heightened fact pleading,' which is expressly rejected . . . and allowing complaints that are no more than 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Id.* (*quoting Bell Atlantic Corp. v. Twombly, supra*, 127 S.Ct. at 1965). Therefore, "the burden is on the plaintiff to frame a 'complaint with enough factual matter (taken as true) to suggest' that he or she is entitled to relief." *Id.* (*quoting Bell Atlantic Corp. v. Twombly, supra*, 127 S.Ct. at 1965). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.*

The term "plausibility," in this context "must refer to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.'" *Id.* (*quoting Bell Atlantic Corp. v. Twombly, supra*, 127 S.Ct. at 1974). Therefore, "[t]he allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief." *Id.*

Plaintiff argues here that the rule first articulated in *Bell Atlantic v. Twombly, supra*, does not constitute a "revolutionary new principle of pleading requirement" for the ordinary case. Rather, he argues that the case merely requires "plaintiffs to state particular facts that would overcome a judicially cognizable explanation for the conduct or events giving rise to the dispute in the first instance" in order to avoid "grossly expensive discovery in complex litigation such as potentially would have been involved in that case." As a result, Plaintiff argues that the Supreme

3

Court's ruling in *Bell Atlantic Corp. v. Twombly*, *supra*, is, in essence, limited to complex nuisance suits where the conduct complained of may arise out of wholly legitimate business reasons apart from the reasons alleged in the lawsuit. As such, Plaintiff argues that the *Twombly* ruling is not applicable in routine cases, such as this, that "do not involve anywhere near the high risk of abusive litigation as that present in complex cases such as *Twombly*."

Plaintiff acknowledges, however, that the Tenth Circuit reads the *Bell Atlantic Corp. v. Twombly* holding as pronouncing a new standard of pleading in *Ridge at Red Hawk v. Schneider*, *supra; see also Robbins v. Oklahoma, supra*; *Anderson v. Suiters*, 499 F.3d 1228, 1232 (10th Cir. 2007); *TON Services, Inc. v. Qwest Corp.*, 493 F.3d 1225, 1235 (10th Cir. 2007); *Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210, 1215 FN. 2 (10th Cir. 2007)(*citing Iqbal v. Hasty*, 490 F3d 143 (2d Cir. 2007)); *Lane v. Simon*, 495 F.3d 1182, 1186 (10th Cir. 2007); *Forest Guardians v. Forsgren*, 478 F.3d 1149, 1160 (10th Cir. 2007). I note, of course, that am bound to apply Tenth Circuit precedent unless the precedent has been overruled by the Tenth Circuit sitting *en banc* or superseded by a contrary Supreme Court decision. *See Haynes v. Williams*, 88 F.3d 898, 900 n. 4 (10th Cir. 1996).

Moreover, in applying the plausibility standard in *Robbins v. Oklahoma,* the Tenth Circuit ruled that "the degree of specificity necessary to establish plausibility and fair notice [pursuant to Fed. R. Civ. P. 8(a)], and therefore the need to include sufficient factual allegations, depends on context." *Robbins v. Oklahoma, supra* (*citing Phillips v. County of Allegheny,* 515 F.3d 224 (2008)). The *Robbins* Court compared a simple negligence action based on a automobile accident – which would "require little more than the allegation that the defendant negligently struck the plaintiff with his car while crossing a particular highway on a specified date and time" – with the

4

antitrust claim in *Twombly* – in which the factual allegations were inadequate because the plaintiff failed to plead any facts to show "contract, combination . . . or conspiracy, in restraint of trade" beyond a bare allegation of parallel conduct that could be explained as identical but independent action. *Id.* (*quoting* The Sherman Act, 15 U.S.C. § 1).

Therefore, I reject Plaintiff's argument to the extent that he urges me to apply a different standard, but I agree that the determination of whether a complaint contains enough allegations of fact to state a claim to relief that is plausible on its face is dependant on the context of the claim raised. As a result, I apply the following motion to dismiss standard recently articulated by the Tenth Circuit in *Robbins v. Oklahoma, supra*: within the context of the claim alleged, the complaint must contain enough allegations of fact "to state a claim to relief that is plausible on its face," in that "the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims; in other words, "[t]he allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief."

Finally, I note that when applying this standard, I "must accept all the well-pleaded allegations of the complaint as true and must construe them in the light most favorable to the plaintiff." *David v. City & County of Denver*, 101 F.3d 1344, 1352 (10th Cir. 1996).

### III. ANALYSIS

**Second Claim for Relief: Civil Rights/§ 1981 Claim**

Defendants first seek dismissal of Plaintiff's claim seeking relief, pursuant to 42 U.S.C. §1981, that NYL violated his civil rights by discriminating against him in the making, enforcement

and/or performance of a contract. Defendants argue that Plaintiff provides only speculative, generalized and conclusory allegations that fail to suggest or support a plausible claim of race discrimination. I agree.

Plaintiff alleges that in approximately 2000, when Defendant Doss became the managing partner in the Denver Office of NYL, Defendants "began to engage in a series of acts apparently designed to harass [Plaintiff] and such acts evince a desire on the part of Doss from the very beginning to develop a pretext for terminating [Plaintiff's contract], as well as a continuing pattern of harassment and disparate treatment of [Plaintiff], including the termination itself." The alleged conduct consisted of "several unfounded charges of improprieties in connection with the completion of insurance applications" and an "unfounded charge of sexual harassment." Plaintiff alleges that these acts were intentional and constituted disparate treatment in that race was a motivating factor in the "continuing pattern of discriminatory conduct" including the "termination itself."

Plaintiff further alleges that Defendants "singled [him] out and undertook, through considerable effort over a substantial period of time to discover (and, failing that, to create) a legitimate basis to terminate him [and the] sole reason for that effort was that Defendant Doss did not like [him] because of his race or ethnicity." As such, he asserts that Defendants have "treated [him] disparately from the other similarly situated agents" in that the purported basis for his contract termination "was without any legitimate justification" but instead was "pretext" to terminate the contract. Finally, Plaintiff alleges that "NYL's management has a history of discriminating against minorities in employment in general and against persons of African and African-American descent in particular" and that Defendant "Doss herself has a history of

problems in dealing with persons of African-American descent."

Defendants argue that these allegations are "too vague and conjectural to support a claim for race discrimination under Section 1981." They maintain that Plaintiff has failed to make any specific factual allegations to support his claim that the alleged discriminatory actions were premised on his race. I agree,

42 U.S.C. § 1981 prohibits racial discrimination in the making and performance of private contracts, including contracts of employment. *See Exum v. U.S. Olympic Comm.,* 389 F.3d 1130, 1134 (10th Cir. 2004)(*citing Harris v. Allstate Ins. Co.,* 300 F.3d 1183, 1186-87 (10th Cir.2002)). To establish a §1981 claim, a plaintiff must show that: (1) he or she is a member of a racial minority; (2) the defendant had an intent to discriminate on the basis of race; (3) the discrimination interfered with a protected activity as defined in Section 1981, *i.e.,* the making or enforcing of a contract. *Hampton v. Dillard Dep't. Stores, Inc.,* 247 F.3d 1091, 1101-02 (10th Cir. 2001).

Even when taken as true, the factual allegations in Plaintiff's complaint are not sufficient to conclude that NYL had an intent to discrimination against Plaintiff, in the making or performance of their contract, on the basis of his race. The allegations are that NYL and Defendant Doss sought out a legitimate reason to terminate Plaintiff's employment contract; the complaint lacks any factual allegation that such actions were based on Plaintiff's race. The only allegations grounded in race do not amount to assertions of fact, but rather consist of unsubstantiated and speculative conclusions. For example, Plaintiff's generalized claim that assertion that race was a motivating factor in the "pattern of discriminatory conduct," including

his termination, is unsupported by any factual allegations whatsoever. Likewise, the assertions that Defendant Doss treated him disparately from others "because of his race or ethnicity," and that NYL has a "history" of discrimination against minorities, constitutes, without more, mere conjecture.

I conclude that the allegations in the complaint that Plaintiff was purposefully discriminated against by NYL and Defendant Doss on account of his race consist merely of unsupported conclusions and, therefore, Plaintiff has not meet his burden to frame his complaint with enough factual matter to suggest that he is entitled to relief. In other words, the factual allegations alleged simply are not sufficient "to raise a right to relief above the speculative level" and do not state a claim for relief under 42 U.S.C. § 1981 that is "plausible on its face." *See Bell Atlantic Corp. v. Twombly, supra*; *Robbins v. Oklahoma, supra*. As a result, this claim must be dismissed for failure to state a claim under Fed. R. Civ. P. 12(b)(6).

**Fifth Claim for Relief: Breach of Fiduciary Duty**

In this claim, Plaintiff alleges that because NYL is holding monies due to him under their contract, a constructive trust is created "as a matter of law" pursuant to C.R.S. § 15-1-103. As such, he maintains that NYL has breached its fiduciary duty to him by retaining these monies. Defendants assert that Plaintiff has failed to state a fiduciary duty claim in that a constructive trust – as an equitable remedy – is only imposed, under Colorado law, after a finding of wrongful withholding. *See generally Voller v. Gertz*, 107 P.3d 1129, 1134 (Colo. App. 2004). Moreover, Defendants note that Colorado law is that there is no fiduciary duty owed to an employee or independent contractor. *See e.g. Jet Courier Service, Inc. v. Mulei,* 771 P.2d 486 (Colo. 1989).

8

Plaintiff argues, in response, that while he "cannot cite to any case directly in contravention of the authorities cited by the Defendants, Colorado law has recognized that a fiduciary relationship in a wide variety of circumstances" and, as such, argues that because he has alleged an unequal relationship, a fiduciary duty is created. *See generally Brodeur v. American Home Assur. Co.,* 169 P.3d 139, 151 (Colo. 2007).

However, in Colorado a constructive trust "is remedial in nature and [is] inappropriately pled as a separate cause of action." *Bryant v. Community Choice Credit Union*, 160 P.3d 266, 276 (Colo. App. 2007)(*citing Mancuso v. United Bank*, 818 P.2d 732 (Colo.1991)). As in *Bryant v. Community Choice Credit Union*, *supra*, "[a]lthough plaintiff may argue [a constructive trust remedy theory] in support of her other claims, they are not theories of liability." As a result, I agree that Plaintiff's independent claim of breach of fiduciary duty, based on a constructive trust, is not legally cognizable and must be dismissed.

**Sixth Claim for Relief: Civil Theft**

Defendants next assert that Plaintiff's civil theft claim, brought against NYL pursuant to C.R.S. § 18-4-401 and § 18-4-405, is barred by the applicable two-year statute of limitations set forth in C.R.S. § 13-80-102(1)(a). Because the amended complaint alleges that NYL did not pay him monies it owed to him (in the form of commissions, renewal and other remunerations) after his contract was terminated in May of 2004, Defendants maintain that his claim of civil theft expired two years later, on or about May of 2006. Because Plaintiff did not file this case until May of 2007, Defendants assert that his civil theft claim is barred by the statute of limitations.

In response, Plaintiff does not challenge either the applicability of the two year statute of limitations or the time line asserted by Defendants, but instead argues that this case is governed by Colorado's doctrine of continuing torts which provides that a claim does not begin to accrue until the tortious conduct has ceased. Because Plaintiff's amended complaint alleges that NYL continues to hold his monies improperly, he asserts that the statute of limitations has not even started to run.

My research reveals that Colorado recognizes the continuing tort doctrine in the context of trespass and nuisance cases. *See Hoery v. United States*, 64 P.3d 214 (Colo. 2003)(ruling that for statute of limitations purposes in continuing contamination cases, based on either trespass or nuisance, each day of repetition or continuance constitutes another wrong giving rise to a new cause of action); *Sanderson v. Heath Mesa Homeowners Ass'n.,* 2008 WL 732038, 2 (Colo. App. Mar. 20, 2008). I have not found a Colorado case that applies the concept in a civil theft context.

Rather, the tort of civil theft is more akin to conversion, which is defined as "any distinct, unauthorized act of dominion or ownership exercised by one person over personal property belonging to another." *Mari v. Wagner Equipment Co., Inc.*, 721 P.2d 1208, 1210 (Colo. App. 1986). A conversion of personal property occurs, at the latest, when a demand for its return is refused. *Grimes v. Barndollar,* 58 Colo. 421, 148 P. 256 (1914). It is not a continuing tort; damages for a conversion are based upon the property's fair market value at the time and place of the conversion, plus interest thereon. *Masterson v. McCroskie,* 194 Colo. 460, 573 P.2d 547 (1978); *Employers' Fire Ins. Co. v. Western Guar. Fund Servs.,* 924 P.2d 1107, 1111 (Colo. App. 1996).

As such, I agree that the doctrine of continuing tort is not applicable to Plaintiff's claim for civil theft for the purpose of determining the running of the two-year statute of limitations. Plaintiff's complaint specifically alleges that "NYL has failed and refused for three years, and continues to refuse, to calculate and pay to [Plaintiff] all sums due under the Contract for commission, renewal fees and service fees due prior to, and coming due subsequent to, the termination." As a result, I agree that Plaintiff's claim for civil theft is barred by the two year statute of limitations. *See generally Michaelson v. Michaelson,* 923 P.2d 237, 242 (Colo. App. 1995)(finding the trial court properly dismissed a civil theft claim "since the record supports the trial court's findings and conclusions that the plaintiff did not bring her §18-4-405 action within 2 years of when she knew or reasonably ought to have known that the action accrued"), *rev'd on other grounds,* 939 P.2d 835.

**Seventh Claim for Relief: Conspiracy**

In this claim, Plaintiff asserts that Defendant Doss knowingly and willfully conspired with NYL to violate Plaintiff's civil rights and to commit civil theft. However, as discussed above, I have dismissed both Plaintiff's civil right claim under 42 U.S.C. § 1981, pursuant to Fed. R. Civ. P. 12(b)(6), and his civil theft claim as barred by the applicable statute of limitations. As such, the conspiracy claim premised on the civil right and civil theft causes of action must likewise be dismissed.

**Third & Fourth Claims for Relief:  Slander *Per Se* & *Per Quod***

Finally, Defendants assert that Plaintiff's claims against Defendant Doss for slander fail to state a claim upon which relief can be granted in that there is no allegation of the date, place,

recipient or context of the alleged statement made by Defendant Doss. Defendants cite to case authority requiring that slander and/or defamation claims be plead with specificity. *See Walters v. Linhof*, 559 F.Supp. 1231, 1234 (D.C. Colo.1983)(a claim that fails to substantially set forth the words alleged to be defamatory and untrue "is vague and fails to state a claim"); *Martinez v. Winner,* 548 F.Supp. 278, 334 (D.C. Colo. 1982); *Corporon v. Safeway Stores, Inc.,* 708 P.2d 1385, 1390 (Colo. App. 1985)(a claim of "defamation requires a certain degree of specificity").

In his response, Plaintiff acknowledges that his first amended complaint lacks specific allegations regarding the alleged slanderous statements. As such, he requests leave to amend his complaint. Accordingly, Plaintiff subsequently filed his Second Motion for Leave to Amend Complaint and Jury Demand in which he seeks to amend the slander claims in his complaint to include more details; specifically, the names of two third parties to whom Defendant Doss allegedly made defamatory remarks and that the comments were made in approximately May of 2007.

Plaintiff's motion to amend his complaint is governed by Fed. R. Civ. P 15(a)(2), which provides that the Court should freely allow amendment of the pleadings "when justice so requires." As a result, "[r]efusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Frank v. U.S. West, Inc.,* 3 F.3d 1357, 1365 (10th Cir.1993).

Defendants first argue that the proposed amendment would be futile because even when adding the names and the general time period, the slander claim are not sufficient in that they do

not identify specifically when and where the comments were made. I disagree. Plaintiff's amended complaint alleges that "during [Plaintiff's] recent (approximately May 2007) run for a Denver City Council position," Defendant "Doss published an oral statement to other persons (including, but not limited to, Ms. Paula Saraceno and Mr. Mike Simmons) that Kelley was unfit for public office because he 'beats women.'"

I cannot say that Plaintiff's amended allegations are not sufficiently specific, as a matter of law, to fail to withstand a motion to dismiss or otherwise fail to state a claim, as currently postured. *See Schepp v. Fremont County, Wyo.*, 900 F.2d 1448, 1451 (10th Cir. 1990)(ruling that "the district court was clearly justified in denying the motion to amend if the proposed amendment could not have withstood a motion to dismiss or otherwise failed to state a claim").

Furthermore, Defendants' assertion that Plaintiff knew or should have known of these additional facts when he filed his original and his first amended complaint, is unsupported by any argument or evidence. As such, I will grant Plaintiff's request for leave to amend his complaint pursuant to Fed. R. Civ. P. 15(a). *See Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962)(stating that the mandate of Rule 15(a) "is to be heeded" and that "[i]n the absence of any apparent or declared reason ... the leave sought should, as the rules require, be freely given").


ACCORDINGLY, I ORDER as follows:

1) Defendants' Partial Motion to Dismiss Amended Complaint [**Doc #25**] is GRANTED IN PART and DENIED IN PART as follows: Plaintiff's claims in his First Amended

Complaint and Jury Demand for: Race Discrimination Pursuant to 42 U.S.C. § 1981 (Second Claim for Relief); Breach of Fiduciary Duty (Fifth Claim for Relief); Civil Theft (Sixth Claim for Relief); and Conspiracy (Seventh Claim for Relief) are DISMISSED WITH PREJUDICE, and the remaining relief requested by Defendants is DENIED AS MOOT because

2) In addition, I GRANT Plaintiff's Second Motion for Leave to Amend Complaint and Jury Demand [**Doc #41**] and, as such, Plaintiff's Second Amended Complaint And Jury Demand [**Doc # 42**] is DEEMED FILED.

Dated: April  16th , 2008, in Denver, Colorado.

BY THE COURT:

   s/Lewis T. Babcock
LEWIS T. BABCOCK, JUDGE